Soffer v U.S. Bank, N.A. (2020 NY Slip Op 04985)





Soffer v U.S. Bank, N.A.


2020 NY Slip Op 04985


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-11869
 (Index No. 513961/15)

[*1]Joseph Soffer, appellant, 
v
U.S. Bank, National Association, etc., respondent.


Moshe Mortner, New York, NY, for appellant.
Hogan Lovells US LLP, New York, NY (Lisa J. Fried and Michelle L. Moshe of counsel), for respondent.



DECISION & ORDER
In an action to quiet title to certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 23, 2016. The order denied the plaintiff's motion for summary judgment on the complaint, and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 30, 2009, the defendant, U.S. Bank, National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX8 (hereinafter the Trust), commenced an action to foreclose a mortgage against the plaintiff, Joseph Soffer, among others. On June 9, 2015, the Trust sent a letter to Soffer, purporting to de-accelerate the debt and, in conjunction therewith, moved to discontinue the 2009 action without prejudice. In an order dated August 14, 2015, the Supreme Court granted the Trust's motion to discontinue the foreclosure action without prejudice.
On November 15, 2015, Soffer commenced this action to quiet title to the subject property. In the complaint, Soffer admitted that he defaulted on the underlying note, but alleged that any future mortgage foreclosure action would be barred by the statute of limitations.
Soffer moved for summary judgment on the complaint, and the Trust cross-moved for summary judgment dismissing the complaint. In support of its cross motion, the Trust submitted, among other things, the letter to Soffer dated June 9, 2015, in which the Trust informed Soffer that it "hereby de-accelerates the Loan, withdraws its prior demand for immediate payment of all sums secured by the Security Instrument and reinstates the Loan as an installment loan." In opposition to the cross motion, Soffer argued that the Trust failed to establish when the de-acceleration letter was actually mailed. In additional papers, the Trust submitted the affidavit of the vice president of loan documentation for the Trust's loan servicer, who averred that, based on his knowledge of the loan servicer's regular mailing business practices, the de-acceleration letter was mailed to Soffer on June 10, 2015. Annexed to his affidavit was a copy of the United States Postal Service tracking information for the letter.
In an order dated September 23, 2016, the Supreme Court denied Soffer's motion for summary judgment, and granted the Trust's cross motion for summary judgment. Soffer appeals.
Initially, the Supreme Court providently exercised its discretion in considering the Trust's additional papers (cf. Central Mtge. v Jahnsen, 150 AD3d 661, 664).
Although Soffer is correct that the discontinuance of the foreclosure action, alone, was insufficient to de-accelerate the debt (see Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389-1390, lv granted 34 NY3d 910), we agree with the Supreme Court's determination that the letter dated June 9, 2015, was sufficient to de-accelerate the debt. The letter established that the Trust committed an affirmative act of revocation during the six-year statute of limitations period subsequent to the initiation of the foreclosure action (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030).
Therefore, we agree with the Supreme Court's determination denying Soffer's motion for summary judgment on the complaint and granting the Trust's cross motion for summary judgment dismissing the complaint.
In view of the foregoing, we do not address the Trust's remaining contention.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court