U.S. Bank N.A. v Tiburcio (2021 NY Slip Op 04629)





U.S. Bank N.A. v Tiburcio


2021 NY Slip Op 04629


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02135
 (Index No. 620553/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Santiago Tiburcio, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for appellant.
Cabanillas & Associates, P.C., White Plains, NY (Wendy Marie Weathers of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated February 4, 2019. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Santiago Tiburcio, to strike his answer, and for an order of reference, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Santiago Tiburcio for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
In April 2007, the defendant Santiago Tiburcio (hereinafter the defendant) borrowed the sum of $382,500. The loan was memorialized by a note and secured by a mortgage encumbering certain real property in Brentwood. On or about December 19, 2016, the plaintiff commenced this mortgage foreclosure action against the defendant, among others, alleging that the defendant defaulted on the loan by failing to make the payment of principal and interest due on May 1, 2011, and subsequent payments. The defendant interposed an answer with affirmative defenses and counterclaims, and the plaintiff served a reply.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred and for failure to comply with RPAPL 1304 and the notice of default provisions of the mortgage. The defendant argued, among other things, that the statute of limitations expired in 2014 because the plaintiff accelerated the debt by commencing a prior foreclosure action in 2008 (hereinafter the 2008 action). The plaintiff opposed the cross motion. In an order dated February 4, 2019, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion on the ground that the action was time-barred. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, in support of the cross motion, the defendant demonstrated that the six-year statute of limitations began to run on or about September 19, 2008, when the plaintiff accelerated the mortgage debt through its commencement of the 2008 action. Since the plaintiff did not commence the instant action until December 19, 2016, the defendant established, prima facie, that the instant action was untimely (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661). However, "where the maturity of the debt has been validly accelerated by [the] commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19). Here, in opposition to the cross motion, the plaintiff raised an issue of fact by submitting an order dated July 25, 2013, granting its motion to voluntarily discontinue the 2008 action. Accordingly, the Supreme Court improperly concluded that the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred.
Contrary to the plaintiff's further contention, however, the Supreme Court properly denied its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, as it failed to establish its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). Here, "the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by an individual with personal knowledge of that procedure" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986). Thus, the plaintiff failed to establish strict compliance with RPAPL 1304 (see id. at 986; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21), and failed to establish that it sent the 30-day notice of default pursuant to the terms of the mortgage (see LNV Corp. v Sofer, 171 AD3d 1033, 1037). Accordingly, the court properly denied the plaintiff's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court