Pennymac Corp. v Holcomb (2021 NY Slip Op 05863)





Pennymac Corp. v Holcomb


2021 NY Slip Op 05863


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-11841
2019-11842
 (Index No. 610242/17)

[*1]Pennymac Corp., plaintiff, 
v
Michael E. Holcomb, appellant, et al., defendants; Long Island Investments, LLC, nonparty-respondent. (Appeal No. 1) Long Island Investments, LLC, respondent, Michael E. Holcomb, appellant, et al., defendants. (Appeal No. 2)


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Real Estate Legal Solutions, P.C., Farmingdale, NY (Edward Rugino of counsel), for nonparty-respondent in Appeal No. 1 and respondent in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael E. Holcomb appeals from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated September 18, 2019. The first order, insofar as appealed from, granted those branches of the motion of Long Island Investments, LLC, which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to Long Island Investments, LLC, and appointed a referee to ascertain and compute the amount due to Long Island Investments, LLC.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On September 1, 2005, the defendant Michael E. Holcomb executed a note in the sum of $1.12 million in favor of nonparty American Home Mortgage Acceptance, Inc. The 2005 note was secured by a mortgage encumbering real property located in Southampton. By assignment of mortgage dated August 10, 2007, the 2005 mortgage was assigned to nonparty Washington Mutual Bank, FA (hereinafter WaMu). On September 21, 2007, Holcomb executed a note in the sum of $479,158.42 in favor of WaMu, which was secured by a second mortgage on the same property. On that same day, Holcomb executed a consolidation, extension, and modification agreement, consolidating the notes and mortgages, and a consolidated note in favor of WaMu in the sum of $1.65 million.
On June 16, 2009, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), WaMu's successor in interest, commenced an action to foreclose on the consolidated [*2]mortgage (hereinafter the prior foreclosure action). While that action was pending, JPMorgan transferred its interest in the consolidated note to Pennymac Corp. (hereinafter Pennymac). Thereafter, in a letter dated December 31, 2014, Pennymac's loan servicer informed Holcomb that "[t]he maturity of the Loan is hereby de-accelerated, immediate payment of all sums is hereby withdrawn and the Loan is re-instituted as an installment loan." On April 3, 2015, JPMorgan moved, inter alia, to discontinue the prior foreclosure action. In an order dated May 27, 2015, the Supreme Court, inter alia, granted that branch of JPMorgan's motion.
On May 30, 2017, Pennymac commenced the instant action to foreclose the consolidated mortgage. Thereafter, the consolidated note and mortgage were assigned and transferred to Long Island Investments, LLC (hereinafter LII). On May 31, 2018, LII moved, inter alia, for summary judgment on the complaint insofar as asserted against Holcomb, to strike his answer, and for an order of reference. Holcomb opposed the motion, arguing, inter alia, that the action was time-barred because the loan was never properly de-accelerated after JPMorgan commenced the prior foreclosure action. Holcomb argued that the de-acceleration letter was sent by an entity that had no authority to de-accelerate the loan.
By two orders dated September 18, 2019, the Supreme Court, inter alia, granted those branches of LLI's motion which were for summary judgment on the complaint insofar as asserted against Holcomb, to strike his answer, and for an order of reference, and appointed a referee to compute the amount due to LII. The court also granted that branch of LII's motion which was to substitute LII as the plaintiff and, in the second order, amended the caption accordingly. Holcomb appeals.
The Supreme Court properly determined that the instant action was timely, and thus, properly granted LII's motion. A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]). Acceleration occurs, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670). A lender may revoke its election to accelerate the mortgage debt, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069).
Here, contrary to Holcomb's contention, Pennymac's letter dated December 31, 2014, was sufficient to de-accelerate the mortgage debt (see Soffer v U.S. Bank, N.A., 186 AD3d 1443, 1444). Although the letter was sent by Pennymac Loan Services, LLC (hereinafter PLS), as opposed to Pennymac, LII submitted evidence that PLS was authorized to send the letter on Pennymac's behalf.
In any event, we note that JPMorgan's motion to discontinue the prior foreclosure action, made within six years of the commencement of that action, was sufficient to de-accelerate the mortgage debt, regardless of the effect of Pennymac's de-acceleration letter. "Where acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court