Deutsche Bank Trust Co. Ams. v Morocho (2022 NY Slip Op 01146)





Deutsche Bank Trust Co. Ams. v Morocho


2022 NY Slip Op 01146


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-08923
2020-02412
 (Index No. 717606/17)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Celina Morocho, respondent, et al., defendants.


Phillips Lytle LLP, New York, NY (Preston L. Zarlock, Patricia M. Pirri, and Sean C. McPhee of counsel), for appellant.
Gomberg Legal P.C., New York, NY (Stanislav Gomberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered July 11, 2019, and (2) an order of the same court entered February 25, 2020. The order entered July 11, 2019, insofar as appealed from, denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Celina Morocho and dismissing her counterclaims, and for an order of reference. The order entered February 25, 2020, denied the plaintiff's motion for leave to reargue those branches of its cross motion.
ORDERED that the appeal from the order entered February 25, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 11, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Celina Morocho.
On November 1, 2006, the defendant Celina Morocho (hereinafter the defendant) executed a note in the sum of $620,000 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC). The note was secured by a mortgage on residential property in Elmhurst, and was executed by the defendant in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for HSBC. The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on August 1, 2008, and thereafter. By Assignment of Mortgage dated November 19, 2008, MERS, as nominee for HSBC assigned the mortgage to HSBC.
On December 2, 2008, HSBC commenced an action (hereinafter the 2008 action) against the defendant, among others, to foreclose the mortgage. The defendant failed to answer the complaint. In an order entered March 18, 2009, the Supreme Court, inter alia, referred the matter [*2]to a referee to compute the amount due to HSBC. Thereafter, the court entered a default judgment of foreclosure and sale on June 12, 2009.
By "Corporate Assignment of Mortgage" dated September 9, 2011, HSBC assigned the mortgage to Deutsche Bank Trust Company Americas, as Trustee. On February 4, 2015, the defendant executed a Loan Modification Agreement, dated January 21, 2015, with Deutsche Bank Trust Company Americas, as Trustee. On June 8, 2016, the loan modification agreement was executed on behalf of Deutsche Bank Trust Company Americas, as Trustee, by PHH Mortgage Corporation, its attorney-in-fact. The agreement was recorded on August 16, 2016.
By "Corrective Corporate Assignment of Mortgage" dated April 14, 2016, MERS, as nominee for HSBC, assigned the mortgage to HSBC. By a second "Corrective Corporate Assignment of Mortgage" dated April 14, 2016, HSBC assigned the mortgage to the plaintiff, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loan, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS1.
In January 2017, HSBC moved to discontinue the 2008 action, vacate the judgment of foreclosure and sale, and cancel the notice of pendency. In a supporting affirmation, HSBC's counsel explained that the relief was being sought "due to the loan being modified." By order entered February 21, 2017, the Supreme Court granted the unopposed motion.
On December 20, 2017, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage, as modified, alleging that the defendant failed to make the monthly payments due on March 1, 2015, and thereafter. The defendant interposed an answer with counterclaims, in which she asserted various affirmative defenses, including that the action was barred by the statute of limitations. Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action was time-barred. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing her counterclaims, and for an order of reference. In an order entered July 11, 2019, the Supreme Court, among other things, denied the defendant's motion and denied those branches of the plaintiff's cross motion. The court found, inter alia, that there were triable issues of fact as to whether the instant action was time-barred. Thereafter, the plaintiff moved for leave to reargue those branches of its cross motion. The court denied the motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt'" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "'A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action'" (HSBC Bank USA, N.A. v Hochstrasser, 193 AD3d 915, 917, quoting NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069).
Here, the mortgage debt was accelerated on December 2, 2008, when HSBC commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage (see Pennymac Corp. v McGlade, 176 AD3d 963, 966). The instant action was commenced on December 20, 2017, more than six years later. As the defendant correctly contends, the plaintiff's motion to discontinue the 2008 action, which resulted in the order entered February 21, 2017, did not validly revoke the acceleration, since the plaintiff did not move to discontinue the 2008 action until January 2017, after the six-year limitations period had run (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 28-29; Pennymac Corp. v Holcomb, 198 AD3d 978; Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774, 776).
Moreover, the plaintiff failed to establish, prima facie, that the defendant's execution of the loan modification agreement on February 4, 2015, served to restart the running of the statute [*3]of limitations, thus rendering the instant action, commenced less than six years later, timely.
"'General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt'" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947, quoting Lynford v Williams, 34 AD3d 761, 762). "The writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947). Under General Obligations Law § 17-105(1), a written promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage, makes the time limited for the commencement of the action run from the date of the promise (see Petito v Piffath, 85 NY2d 1, 7; PSP-NC, LLC v Raudkivi, 138 AD3d 709, 711).
Here, the plaintiff's submissions in support of its cross motion failed to eliminate all triable issues of fact as to whether the defendant's execution of the loan modification agreement constituted "an unqualified acknowledgment of the [mortgage] debt sufficient to reset the statute of limitations" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her counterclaims, and for an order of reference.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court