195-197 Hewes, LLC v Citimortgage, Inc. (2022 NY Slip Op 05065)

195-197 Hewes, LLC v Citimortgage, Inc.

2022 NY Slip Op 05065

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-02487
 (Index No. 516578/18)

[*1]195-197 Hewes, LLC, appellant,
v
Citimortgage, Inc., respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Locke Lord, LLP, New York, NY (Jeffrey S. Kramer, William D. Foley, Jr., and Harry K. Tiwari of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 2, 2021. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant upon its failure to answer the complaint, and granted the defendant's cross motion, in effect, to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion, in effect, to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
In August 2018, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage held by the defendant. In lieu of serving an answer, the defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint. In an order dated December 2, 2019, the Supreme Court denied the defendant's motion.
On December 6, 2019, the plaintiff electronically served the order with notice of entry via the New York State Courts Electronic Filing system. The defendant did not serve a timely answer. In October 2020, the plaintiff moved for leave to enter a default judgment against the defendant. On January 4, 2021, the defendant served an answer, which the plaintiff rejected as untimely. On February 23, 2021, the defendant opposed the plaintiff's motion for leave to enter a default judgment and cross-moved, in effect, to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against the defendant. To be entitled to a default judgment pursuant to CPLR 3215(f), the plaintiff was required to submit proof of service of the summons and the complaint, proof of the defendant's default, and "proof of . . . the facts constituting the [claim]" (Allstate Prop. & Cas. Ins. [*2]Co. v Carrier, 147 AD3d 889, 890). Here, the plaintiff submitted adequate proof that it served the summons and complaint on the defendant and that the defendant failed to timely answer the complaint. The plaintiff, however, failed to submit adequate proof of the facts constituting its claim, as the plaintiff failed to establish that the six-year statute of limitations to proceed on the consolidated note had expired (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 29; Deutsche Bank Trust Co. Ams. v Morocho, 202 AD3d 1055, 1058; Pennymac Corp. v Holcomb, 198 AD3d 978, 980-981; U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 529).
However, the Supreme Court should have denied the defendant's cross motion, in effect, to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer (see US Bank N.A. v Batista, 178 AD3d 878, 879-880; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990). "A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655). Here, the defendant failed to proffer any excuse, let alone a reasonable excuse, for failing to serve an answer prior to the tolling period created by the executive orders issued by former Governor Andrew Cuomo as a result of the COVID-19 pandemic (see Brash v Richards, 195 AD3d 582, 585), as well as its failure to serve an answer or move to compel acceptance of its late answer for months after the expiration of the executive orders. Since the defendant failed to demonstrate a reasonable excuse, it is unnecessary to consider whether it sufficiently demonstrated the existence of a potentially meritorious defense (see Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court