FV-I, Inc. v Samuels (2025 NY Slip Op 04235)

FV-I, Inc. v Samuels

2025 NY Slip Op 04235

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11698
 (Index No. 2371/17)

[*1]FV-I, Inc., etc., plaintiff-respondent, 
v
Dwayne A. Samuels, etc., appellant, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-respondent.

Ronald D. Weiss, P.C., Melville, NY, for appellant.
Greenspoon Marder LLP, New York, NY (Raspreet Bhatia of counsel), for plaintiff-respondent and nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dwayne A. Samuels appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 20, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate a judgment of foreclosure and sale of the same court entered October 27, 2022, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Dwayne A. Samuels which were to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him are granted.
In 2007, the defendant Dwayne A. Samuels (hereinafter the defendant) executed a note in the amount of $564,000 in favor of EquiFirst Corporation, which was secured by a mortgage on certain real property located in Elmont (hereinafter the subject property). The defendant allegedly defaulted on the note and mortgage by failing to pay the monthly installments due on June 1, 2009, and thereafter. In 2011, Bank of New York Mellon Trust Company, National Association (hereinafter BNYM), EquiFirst Corporation's successor in interest, commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the prior action). In 2015, the prior action was marked with a docket notation stating "PURGED NO ACTIVITY, PRE NOTE." According to the plaintiff, the prior action was abandoned.
In 2017, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), BNYM's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. The following year, the Supreme Court granted Wilmington's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Thereafter, the plaintiff, Wilmington's successor in interest, moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. While the plaintiff's motion was pending, the Legislature passed the Foreclosure Abuse Prevention Act (FAPA) (see L 2022, ch 821 [eff Dec. 30, 2022]). In October 2022, the court granted the motion, and a judgment [*2]of foreclosure and sale was entered. On December 30, 2022, Governor Kathy Hochul signed FAPA into law (see Assembly Bill Cover Page, Bill Jacket, L 2022, ch 821 at 1; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488).
In April 2023, the plaintiff issued a notice of sale, which stated that a public auction regarding the subject property was scheduled for June 14, 2023. Prior to the auction date, the defendant sought, and the Supreme Court imposed, a stay of the auction sale. The defendant moved, among other things, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him as time-barred and pursuant to RPAPL 1301(3), relying upon certain statutory amendments enacted under FAPA. In an order entered October 20, 2023, the court, inter alia, denied those branches of the motion. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641, 643 [alterations and internal quotation marks omitted]). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950 [internal quotation marks omitted]).
Prior to FAPA, the Court of Appeals held that a noteholder that had caused the six-year limitations period to foreclose a mortgage secured by real property to accrue by electing to accelerate the debt could revoke the acceleration through a unilateral affirmative act of revocation occurring during the limitations period, such as by issuing a clear and unambiguous de-acceleration letter, or by voluntarily discontinuing a foreclosure action (see Freedom Mtge. Corp. v. Engel, 37 NY3d 1, 32; Pennymac Corp. v Holcomb, 198 AD3d 978, 980-981; U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1206-1207). Pursuant to FAPA, such a noteholder can no longer unilaterally revoke a prior election to accelerate the debt (see L 2022, ch 821, §§ 4, 8; CPLR 203[h]; 3217[e]; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 722-723).
Here, as an initial matter, the plaintiff contended that FAPA was not intended to have a retroactive effect. However, "FAPA took effect 'immediately,' applying 'to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced'" (Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1193, quoting L 2022, ch 821, § 10). Therefore, "'[a]lthough the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should'" (id., quoting Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44; see U.S. Bank N.A. v Lynch, 233 AD3d 113). Nonetheless, even if FAPA is generally retroactive, the Supreme Court concluded that it does not apply where, as here, a plaintiff has scheduled a foreclosure auction sale, since the judgment of foreclosure and sale has been "enforced" in such circumstances (L 2022, ch 821, § 10). However, contrary to the plaintiff's contention, the court improperly deemed the judgment of foreclosure and sale "enforced" upon the plaintiff's issuance of the notice of sale in April 2023. "[E]nforcement of a judgment of foreclosure and sale is generally deemed complete when the sale is concluded" (Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1067; see Guardian Loan Co. v Early, 47 NY2d 515, 518-520; Nutt v Cuming, 155 NY 309, 313). Since the auction sale had not yet been held in this action as of the effective date of FAPA, the plaintiff had not yet enforced the judgment of foreclosure and sale at that time and, therefore, FAPA applies (see NYMBA Memo, Bill Jacket, L 2022, ch 821 at 217-218; U.S. Bank N.A. v Lynch, 233 AD3d at 118; Wells Fargo Bank, N.A. v Edwards, 231 AD3d at 1193).
Alternatively, the plaintiff contends that retroactive application of FAPA in the circumstances presented here would be unconstitutional for various reasons (see generally Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 526-527; Matter of Novara v Cantor Fitzgerald, LP, 20 AD3d 103, 107-108). However, since FAPA went into effect while the parties were litigating issues relating thereto in the Supreme Court, the plaintiff had the opportunity to raise its constitutional arguments in the court and failed to do so. Accordingly, the plaintiff improperly raised these contentions for the first time on appeal (see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1383; HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027).
Considering that FAPA applies under the circumstances presented, the defendant established that the mortgage debt was accelerated in March 2011 when BNYM, the plaintiff's predecessor in interest, commenced the prior action and elected to call due the entire amount secured by the mortgage, thus triggering the accrual of the six-year limitations period (see Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Since this action was not commenced until April 2017, the defendant demonstrated, prima facie, that this action was time-barred (see U.S. Bank, N.A. v Jarrett, 233 AD3d 731). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625). Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him as time-barred.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court