Nationstar Mtge., LLC v Owens (2026 NY Slip Op 01796)

Nationstar Mtge., LLC v Owens

2026 NY Slip Op 01796

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-02428
 (Index No. 17599/12)

[*1]Nationstar Mortgage, LLC, respondent,
vCorliss Owens, etc., appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam D. Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Corliss Owens appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 27, 2023. The order and judgment of foreclosure and sale, upon an order of the same court dated August 12, 2020, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Corliss Owens and, in effect, dismissing that defendant's affirmative defenses alleging failure to comply with RPAPL 1304 and a notice of default requirement of the mortgage agreement, and for an order of reference, and upon an order of the same court dated February 27, 2023, among other things, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying those branches of that defendant's cross-motion which were for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her and, in effect, dismissing that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant Corliss Owens (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant interposed an answer in which she asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304 and a notice of default requirement of the mortgage agreement. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and, in effect, dismissing the defendant's affirmative defenses alleging failure to comply with RPAPL 1304 and the notice of default requirement of the mortgage agreement, and for an order of reference. The defendant opposed the motion. By order dated August 12, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of [*2]foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her and, in effect, dismissing her affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference. In an order dated February 27, 2023, the Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendant's cross-motion. In an order and judgment of foreclosure and sale also dated February 27, 2023, the court, inter alia, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see U.S. Bank N.A. v Tiburcio, 197 AD3d at 530). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 695 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d 707, 709). "Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank N.A. v Tiburcio, 197 AD3d at 530; see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). However, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d at 710).
Here, the plaintiff demonstrated, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted an affidavit of Talya Harris, the plaintiff's document execution associate. Contrary to the defendant's contention, Harris's affidavit was sufficient to lay a proper foundation for the admission of business records created by LenderLive, LLC (hereinafter LenderLive), the third-party vendor that sent the RPAPL 1304 notices on behalf of the plaintiff. Harris attested that she had personal knowledge of LenderLive's standard office mailing practices and procedures, including its TrackRight system, as well as LenderLive's practices and procedures for record keeping (see Bank of Am., N.A. v. Bloom, 202 AD3d 736, 738; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757). Annexed to Harris's affidavit were copies of transaction reports from LenderLive, which reflected that the RPAPL 1304 notices were sent by certified and first-class mail. In addition, the plaintiff submitted copies of envelopes addressed to the defendant bearing first-class mail and certified mail bar codes and tracking numbers, along with copies of the RPAPL 1304 notices. These submissions were sufficient to establish, prima facie, that the notices required by RPAPL 1304 were sent by certified and first-class mail (see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d at 710; Bank of Am., N.A. v. Bloom, 202 AD3d at 738; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 761). The plaintiff also established, prima facie, that it complied with the notice of default requirement of the mortgage agreement (see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d at 710-711; Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 738). In opposition, the defendant's mere denial of receipt of the notices was insufficient to raise a triable issue of fact (see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d at 711).
Further, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. Contrary to the defendant's contention, the referee's report was substantially supported by the record (see U.S. Bank N.A. v Mahram, 230 AD3d 1265, 1266; Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 951). Moreover, the referee was not required to hold a computation hearing. "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence [*3]could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770).
The defendant's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court