U.S. Bank N.A. v Taormina (2020 NY Slip Op 05970)





U.S. Bank N.A. v Taormina


2020 NY Slip Op 05970


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-09364
 (Index No. 603299/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Carol Taormina, respondent, et al., defendants.


Akerman LLP, New York, NY (Natsayi Mawere and Jordan M. Smith of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated April 26, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carol Taormina, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 26, 2006, the defendant Carol Taormina (hereinafter the defendant) executed a note in the sum of $1,000,000 in favor of Greenpoint Mortgage Funding, Inc. The note was secured by a mortgage on certain property located in Remsenburg. Following a series of assignments, the mortgage was ultimately assigned to the plaintiff herein, U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1, in December 2015.
In or around February 2016, the plaintiff commenced this action to foreclose the subject mortgage, alleging that the defendant defaulted on her payment obligations beginning on December 1, 2010, and continuing thereafter. The defendant interposed an answer and raised various affirmative defenses, including failure to comply with the notice requirements of RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated April 26, 2018, the Supreme Court denied those branches of the motion on the ground that the plaintiff failed to establish that it strictly complied with RPAPL 1304. The plaintiff appeals.
Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and, if different, to the residence that is the subject of the mortgage (see RPAPL 1304[2]; U.S. Bank N.A. v Herzberg, 180 AD3d 952, 953).
Here, the plaintiff relied upon, among other things, the affidavit of a document execution specialist employed by the loan servicer who averred, based upon his review of the [*2]servicer's business records, that the RPAPL 1304 notice was sent to the defendant by certified and first-class mail. However, the evidence submitted in support of the plaintiff's motion failed to establish, prima facie, that the notice was mailed by first-class mail (see Citimortgage, Inc. v Succes, 170 AD3d 946, 947-948; cf. Citimortgage, Inc. v Wallach, 163 AD3d 520, 521). Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, we agree with the Supreme Court's determination denying those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Citimortgage, Inc. v Succes, 170 AD3d at 948).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court