HSBC Bank USA, N.A. v Hochstrasser (2021 NY Slip Op 02380)





HSBC Bank USA, N.A. v Hochstrasser


2021 NY Slip Op 02380


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-13385
 (Index No. 604346/16)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Matthew Hochstrasser, respondent, et al., defendants.


Aldridge Pite, LLP, Melville, NY (David Welch of counsel), for appellant.
Charles H. Wallshein, Melville, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated October 4, 2018. The order, insofar as appealed from, granted the cross motion of the defendant Matthew Hochstrasser for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Matthew Hochstrasser for summary judgment dismissing the complaint insofar as asserted against him is denied.
In December 2005, the defendant Matthew Hochstrasser (hereinafter the defendant) executed a note in the sum of $300,520 which was secured by a mortgage on residential real property located in Suffolk County. The defendant allegedly defaulted in his monthly payment obligations in August 2008 and thereafter. In February 2009, the plaintiff commenced an action (hereinafter the 2009 action) against the defendant, among others, to foreclose the mortgage, and accelerated the unpaid balance of the debt in the complaint. It is undisputed that the 2009 action subsequently was dismissed.
Thereafter, the plaintiff's loan servicer allegedly sent a letter dated January 29, 2015, to the defendant purportedly de-accelerating the maturity of the loan and re-instituting the loan as an installment loan. In March 2016, the plaintiff commenced the present foreclosure action against the defendant, among others. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground, among others, that the action was time-barred, since more than six years had elapsed between the acceleration of the debt in the 2009 action and the commencement of the present action. The plaintiff opposed the defendant's cross motion, submitting the January 2015 letter of de-acceleration and arguing that this action was therefore timely. In reply, the defendant did not challenge the validity of the letter of de-acceleration, but denied having ever received it.
In an order dated October 4, 2018, the Supreme Court denied the plaintiff's motion, [*2]inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, determining that the action was time-barred. The plaintiff appeals from so much of the order as granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. We reverse the order insofar as appealed from.
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070).
Here, the defendant established, prima facie, that the instant action was untimely. The filing of the summons and complaint in the 2009 action constituted a valid election by the plaintiff to accelerate the maturity of the entire mortgage debt (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670). This established that the mortgage debt was accelerated in February 2009, and that, without more, the applicable six-year statute of limitations had expired by the time the plaintiff commenced the instant action in March 2016 (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Clayton Natl. v Guldi, 307 AD2d 982).
In opposition, however, the plaintiff produced the January 2015 letter of de-acceleration and alleged that it had been sent to the defendant. Although the defendant claimed that he had never received the letter and had no knowledge of it, the mere denial of receipt was not sufficient to satisfy his burden on his cross motion for summary judgment of establishing that the plaintiff or its loan servicer did not properly send the notice to him (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Accordingly, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
The defendant's remaining contention regarding the letter of de-acceleration, raised for the first time on appeal, is not properly before us (see e.g. R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court