U.S. Bank N.A. v Papanikolaw (2021 NY Slip Op 04777)





U.S. Bank N.A. v Papanikolaw


2021 NY Slip Op 04777


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-01249
2019-09457
 (Index No. 31424/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Helen Papanikolaw, etc., et al., respondents, et al., defendants.


McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
Legal Aid Society of Rockland County, Inc., New City, NY (Benjamin B. Bedell of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated January 2, 2019, and (2) an order of the same court dated July 8, 2019. The order dated January 2, 2019, granted the motion of the defendants Helen Papanikolaw and James G. Papanikolaw for summary judgment dismissing the complaint insofar as asserted against them, and for judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage at issue on the ground that the action was barred by the statute of limitations, and denied the plaintiff's cross motion for summary judgment on the complaint and for an order of reference. The order dated July 8, 2019, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(4) to vacate the order dated January 2, 2019, and for leave to renew its opposition to the prior motion of those defendants, and to renew its prior cross motion, and, in effect, upon granting that branch of the plaintiff's motion which was for leave to reargue, adhered to its original determination in the order dated January 2, 2019.
ORDERED that the order dated January 2, 2019, is reversed, on the law, the motion of the defendants Helen Papanikolaw and James G. Papanikolaw for summary judgment dismissing the complaint insofar as asserted against them and for judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage at issue is denied, and the plaintiff's cross motion for summary judgment on the complaint and for an order of reference is granted; and it is further,
ORDERED that the appeal from the order dated July 8, 2019, denying those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(4) to vacate the order dated January 2, 2019, and for leave to renew its opposition to the prior motion of the defendants Helen Papanikolaw and James G. Papanikolaw, and to renew its prior cross motion, is dismissed as academic in light of our determination on the appeal from the order dated January 2, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2011, the plaintiff commenced an action (hereinafter the 2011 action) against, [*2]among others, the defendants Helen Papanikolaw and James G. Papanikolaw (hereinafter together the defendants) to foreclose a mortgage securing certain real property in New City (hereinafter the premises). The defendants answered and moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for want of prosecution. In an order dated November 17, 2016, the Supreme Court, inter alia, granted the defendants' motion.
In March 2018, the plaintiff commenced this action against the defendants, among others, to foreclose the same mortgage (hereinafter the March 2018 action), alleging that the defendants failed to pay the monthly mortgage payment due on September 1, 2012, and the monthly payments due thereafter. The defendants answered, asserted as an affirmative defense that the action was barred by the statute of limitations, and asserted a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage at issue. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them and for judgment on their counterclaim pursuant to RPAPL 1501(4) on the ground that the action was barred by the statute of limitations. The plaintiff cross-moved for summary judgment on the complaint and for an order of reference. In opposition to the defendants' motion and in support of its cross motion, the plaintiff submitted an affidavit from an employee of the plaintiff's servicer and attorney-in-fact, to which was annexed, inter alia, a letter titled "Notice of De-Acceleration," dated April 10, 2017 (hereinafter the April 2017 de-acceleration notice), addressed to the defendants at the premises.
In an order dated January 2, 2019 (hereinafter the January 2019 order), the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and for judgment on their counterclaim, and denied the plaintiff's cross motion for summary judgment on the complaint and for an order of reference. Thereafter, the plaintiff moved pursuant to CPLR 5015(a)(4) to vacate the January 2019 order and for leave to reargue and/or renew its prior cross motion and its opposition to the defendants' prior motion.
In an order dated July 8, 2019 (hereinafter the July 2019 order), the Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(4) to vacate the January 2019 order, denied leave to renew, and, in effect, upon granting leave to reargue, adhered to its original determination. The plaintiff appeals from both orders. We reverse the January 2019 order and dismiss the appeal from the July 2019 order as academic.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). A lender may revoke its election to accelerate the mortgage debt by an affirmative act of revocation occurring during the six-year limitations period subsequent to the acceleration (see e.g. U.S. Bank N.A. v Barnett, 151 AD3d 791, 793; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894).
Here, although the defendants demonstrated, prima facie, that the six-year statute of limitations began to run in July 2011, when the plaintiff accelerated the mortgage debt through its commencement of the 2011 action (see e.g. HSBC Bank USA, N.A. v Hochstrasser, 193 AD3d 915, 917), the plaintiff established that the April 2017 de-acceleration notice sent to the defendants revoked the acceleration of the mortgage debt. Since the March 2018 action was commenced within six years of the revocation of the mortage acceleration, the March 2018 action was not time barred (see e.g. Freedom Mtge. Corp v Engel, 37 NY3d 1, 34). Accordingly, the defendants' motion for summary judgment dismissing the complaint insofar against them and for judgment on their counterclaim pursuant to RPAPL 1501(4) should have been denied.
Moreover, the Supreme Court should have granted the plaintiff's cross motion for summary judgment on the complaint and an order of reference. "In residential mortgage foreclosure actions . . . a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default" (Midfirst Bank v Agho, 121 AD3d 343, 347; see U.S. Bank N.A. v Goodwin, 137 AD3d 1260, 1261). Here, the plaintiff [*3]established its prima facie entitlement to judgment as a matter of law against the defendants through the production of the mortgage, the unpaid note, and evidence of default. In opposition, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are without merit.
In light of our determination, the issues raised on the appeal of the July 8, 2019 order are academic.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court