U.S. Bank Trust, N.A. v Mohammed (2021 NY Slip Op 04990)





U.S. Bank Trust, N.A. v Mohammed


2021 NY Slip Op 04990


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-08023
 (Index No. 711300/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Shaheed Mohammed, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Locke Lord LLP, New York, NY (William D. Foley, Jr., and Sara Qahoush of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Shaheed Mohammed and Margaret Mohammed appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 17, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Shaheed Mohammed and Margaret Mohammed, to strike their amended answer and counterclaims, and for an order of reference, denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Shaheed Mohammed and Margaret Mohammed, to strike their amended answer and counterclaims, except with respect to the affirmative defense based on the statute of limitations, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof appointing a referee to compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Shaheed Mohammed and Margaret Mohammed, and an order of the same court entered December 6, 2018, is modified accordingly.
In 2006, the defendants Shaheed Mohammed and Margaret Mohammed (hereinafter together the defendants) executed and delivered to Beneficial Homeowner Service Corporation (hereinafter Beneficial) a mortgage encumbering certain real property located in Queens, to secure a loan in the amount of $460,798.32. On February 2, 2010, Beneficial commenced an action to foreclose the mortgage. This action was dismissed in March 2015, for failure to comply with the terms of a court order.
The plaintiff commenced the instant action on September 21, 2016. The defendants filed an amended answer and counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their amended answer and counterclaims, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground, among others, that it was time-[*2]barred. In an order entered June 17, 2019, the Supreme Court granted the plaintiff's motion, denied the defendants' cross motion, and appointed a referee to compute the amount due to the plaintiff.
It is undisputed that an acceleration of the full amount of the debt occurred on February 2, 2010, when the prior action was commenced. Consequently, since the defendants demonstrated, as a matter of law, that the acceleration of the mortgage debt occurred more than six years prior to the commencement of the instant action, the defendants sustained their initial burden of demonstrating, prima facie, that the action was untimely (see 21st Mtge. Corp. v Balliraj, 177 AD3d 687, 689). The burden then shifted to the plaintiff "to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 925; see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629).
Here, contrary to the defendants' contention, the plaintiff met that burden by producing two letters from its loan servicer, both dated December 18, 2015, de-accelerating the mortgage, which were served upon the defendants by mail. "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Hochstrasser, 193 AD3d 915, 917 [internal quotation marks omitted]). In the notices at issue, after relating that the defendants' obligations under the terms of the note and mortgage had been "previously accelerated and brought to maturity," and "[a]ll sums secured by the Security Instrument were declared immediately due and payable," the plaintiff's loan servicer stated that it was "writing to advise . . . that as of the date of this letter, the maturity of the Loan is hereby de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the Loan is re-instituted as an installment loan." We agree with the Supreme Court that the de-acceleration language here was sufficiently clear and unambiguous to be valid and enforceable (see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918). Accordingly, the instant action is not time-barred.
However, since the plaintiff failed to establish its compliance with RPAPL 1304, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. "'A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action'" (Nationstar Mtge., LLC v Matles, 185 AD3d 703, 706, quoting Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). Accordingly, that defense was not waived by the defendants' failure to plead it in their amended answer and counterclaims.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; see Christiana Trust v Moneta, 186 AD3d 1604, 1606). Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[1], [2]). "'Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (PennyMac Corp. v Khan, 178 AD3d 1064, 1065-1066, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, the plaintiff relied solely on the affidavit of a default servicing officer employed by its loan servicer. However, nowhere in his affidavit did he aver that he was familiar with the loan servicer's mailing practices and procedures, nor did he describe such practices and procedures. Accordingly, the plaintiff failed to establish strict compliance with RPAPL 1304 (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926; PennyMac Corp. v Khan, 178 AD3d at 1066).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court