Deutsche Bank Natl. Trust Co. v LoPresti (2022 NY Slip Op 01767)





Deutsche Bank Natl. Trust Co. v LoPresti


2022 NY Slip Op 01767


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.


2018-00710
 (Index No. 4359/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Karen LoPresti, etc., appellant, et al., defendants.


Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karen LoPresti appeals from an order of the Supreme Court, Rockland County (David S. Zuckerman, J.), entered September 11, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen LoPresti, to strike that defendant's answer, and for an order of reference. Justice Chambers has been substituted for Justice Christopher (see 22 NYCRR 1250.1[b]).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen LoPresti, to strike that defendant's answer, and for an order of reference are denied.
On April 11, 2007, Charles J. LoPresti (hereinafter the decedent) executed a note in favor of Intercontinental Capital Group, Inc. (hereinafter Intercontinental), in the sum of $500,000, which was secured by a mortgage on certain property located in Nyack. The decedent died on February 1, 2010. On February 13, 2008, Intercontinental's successor in interest, IndyMac Bank, FSB (hereinafter IndyMac), commenced an action to foreclose the mortgage against, among others, the decedent. After obtaining a judgment of foreclosure and sale entered June 16, 2008, IndyMac moved to vacate the judgment of foreclosure and sale, to discontinue the action, and to cancel the notice of pendency. The Supreme Court granted the motion in an order dated January 10, 2011.
In the interim, the plaintiff, IndyMac's successor in interest, commenced this action to foreclose the mortgage against, among others, the decedent. On May 13, 2014, the Surrogate's Court issued Karen LoPresti (hereinafter the appellant) letters of limited administration to represent the decedent's estate in this foreclosure action. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference. In an order entered September 11, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
The Supreme Court erred in granting those branches of the plaintiff's motion which [*2]were for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference. Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). As a condition precedent to the commencement of a foreclosure action on a home loan, however, the plaintiff has the burden of demonstrating that it made proper service on the borrower or borrowers of the notice required by RPAPL 1304 (see U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207). Here, the plaintiff failed to demonstrate that it satisfied this condition precedent.
"RPAPL 1304 provides that, with regard to a home loan, a lender, assignee, or mortgage loan servicer must give notice to the borrower at least 90 days before commencing any legal action, including mortgage foreclosure" (Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153; see RPAPL 1304[1]). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (Federal Natl. Mtge. Assn. v Donovan, 197 AD3d 694, 696, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20).
"The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911-912; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Here, in support of its motion, the plaintiff relied on copies of the RPAPL 1304 notices allegedly mailed to the decedent and attached them to its supporting affirmation of counsel. However, neither counsel in her affirmation, nor a contract management coordinator for the plaintiff's loan servicer in an affidavit submitted in support of the motion, averred that they had personal knowledge of the mailing, or that the mailing was sent by both certified mail and first-class mail. Moreover, neither counsel nor the loan servicer's representative described any standard office procedure designed to ensure that the notices were mailed, and no domestic return receipts for the mailings were submitted in support of the motion (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d at 911-912; Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; M & T Bank v Biordi, 176 AD3d 1194, 1196). Thus, contrary to the plaintiff's contention, it failed to establish, prima facie, that it strictly complied with the pre-action requirements of RPAPL 1304 (see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 550; U.S. Bank N.A. v Taormina, 187 AD3d 1095, 1096; Federal Natl. Mtge. Assn. v Davis, 180 AD3d 1004, 1005; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1154; U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference.
The argument that the decedent predeceased the commencement of the action, so as to render the action a nullity, is not properly before us, as it was raised for the first time at oral argument.
In light of our determination that the plaintiff failed to demonstrate that it satisfied a condition precedent to the commencement of the action, we need not address the appellant's remaining contentions.
DILLON, J.P., BARROS, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court