21st Mtge. Corp. v Jin Lin (2022 NY Slip Op 06076)

21st Mtge. Corp. v Jin Lin

2022 NY Slip Op 06076

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 850085/18 Appeal No. 16566 Case No. 2022-00186 

[*1]21st Mortgage Corporation, as Master Servicer for Christiana Trust, etc., Plaintiff-Respondent,
v
Jin Lin, et al., Defendants, Renaissance Economic Development Corporation, Defendant-Appellant.

The Seltzer Law Group P.C., New York (Steven Seltzer of counsel), for appellant.
Gross Polowy LLC, Westbury (Stephen J. Vargas of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about September 20, 2021, which, to the extent appealed from, denied defendant Renaissance Economic Development Corporation's motion for summary judgment dismissing the complaint as against it as time-barred and granted plaintiff's cross motion for summary judgment dismissing defendant's affirmative defenses asserted in its answer, unanimously affirmed, without costs.
The motion court correctly concluded that plaintiff's mortgage foreclosure action was not barred by the six-year statute of limitations (CPLR 213[4]). While the statute of limitations began to run on November 20, 2009, upon the prior mortgagee's commencement of the initial foreclosure action and acceleration of the loan, plaintiff, the assignee of the mortgage, clearly and validly revoked the acceleration of the loan on November 19, 2015, when it sent a letter informing the mortgagor that the loan was "hereby de-accelerated" and that "immediate payment of all sums owed is hereby withdrawn and the Loan is re-instituted as an installment loan" (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 29 [2021]; U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1206-1207 [2d Dept 2021]; U.S. Bank N.A. v Papanikolaw, 197 AD3d 767, 770 [2d Dept 2021]). As plaintiff's foreclosure action was commenced within six years of the de-acceleration of the loan, the action was timely. Accordingly, the affirmative defense based on statute of limitations grounds was properly dismissed. As to the affirmative defense of lack of standing, plaintiff met its prima facie burden of establishing its standing to commence this foreclosure action by submitting a copy of the original note and supporting documentation showing that it was the assignee (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020]), and defendant failed to raise an issue of fact. Moreover, contrary to defendant's contention, plaintiff has a cause of action upon which it may seek relief against defendant. In view of the forgoing, the court correctly granted plaintiff's cross motion for summary judgment.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022