U.S. Bank, N.A. v Maiorino (2023 NY Slip Op 04151)

U.S. Bank, N.A. v Maiorino

2023 NY Slip Op 04151

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06135
2020-06136
 (Index No. 601215/15)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Danny W. Maiorino, Sr., appellant, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland and Thomas Zegarelli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Danny W. Maiorino, Sr., appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated July 22, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Danny W. Maiorino, Sr., to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Danny W. Maiorino, Sr., to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
On April 26, 2007, the defendant Danny W. Maiorino, Sr. (hereinafter the defendant), executed a consolidated note in the amount of $440,000 in favor of Mortgageit, Inc. (hereinafter Mortgageit). The note was secured by a consolidated mortgage on certain real property located in Suffolk County, as reflected by a consolidation, extension, and modification agreement executed by the defendant on April 26, 2007.
In February 2015, the plaintiff, Mortgageit's purported successor in interest, commenced the instant action to foreclose the consolidated mortgage against the defendant, among others. The defendant interposed an answer, in which he asserted, inter alia, an affirmative defense alleging that the plaintiff failed to comply with conditions precedent to commencing the action.
In August 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. In support, the plaintiff submitted, among other things, an affidavit from Sherri W. McManus, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. McManus stated that she was familiar with Wells Fargo's records and record-keeping practices. She described Wells Fargo's standard office [*2]procedures designed to ensure that RPAPL 1304 notices and notices of default pursuant to the terms of the mortgage agreement are properly mailed. She stated that the RPAPL 1304 notice was mailed to the defendant by certified mail on August 19, 2014, and by first-class mail on August 20, 2014. McManus further stated that a notice of default pursuant to the terms of the mortgage agreement was mailed to the defendant, although she did not state the date on which it was mailed.
McManus attached a signed certified mail receipt to her affidavit, reflecting that the RPAPL 1304 notice was signed for on August 23, 2014. She also attached tracking information from the United States Postal Service for the copies of the RPAPL 1304 notice sent by first-class and certified mail. The tracking information states, "Mailed by: LenderLive Facility."
The plaintiff further submitted a limited power of attorney and "Omnibus Assumption Agreement," allowing Wells Fargo to act on the plaintiff's behalf.
In opposition to the plaintiff's motion, the defendant argued, inter alia, that the plaintiff failed to comply with the notice of default provision in the consolidated mortgage agreement and with RPAPL 1304.
In an order dated July 22, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. By separate order, also dated July 22, 2020, the court, among other things, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
Initially, contrary to the plaintiff's contention, the defendant's contentions that the plaintiff failed to comply with RPAPL 1304 and with the notice of default provision in the mortgage agreement are properly brought up for review on these appeals. The defendant's contentions were the subject of the orders on appeal (see generally CPLR 5511).
The Supreme Court erred in determining that the plaintiff had established, prima facie, its compliance with RPAPL 1304 and with the notice of default provision in the mortgage agreement. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d 883, 884).
RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Additionally, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). Paragraph 22 of the consolidated mortgage agreement states that the plaintiff must send the borrower a notice of default at least 30 days prior to commencing a foreclosure action.
Here, the plaintiff's submissions failed to eliminate triable issues of fact as to who actually performed the mailing of the RPAPL 1304 notice. While McManus averred that she had personal knowledge of Wells Fargo's record-keeping practices and standard office mailing procedures, she did not attest that she was familiar with the record-keeping practices and standard office mailing procedures of the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff (see Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153). Nor did she attest [*3]that the tracking information documents were incorporated into Wells Fargo's records and relied upon by Wells Fargo in its own businesses (see U.S. Bank N.A. v Adams, 202 AD3d 867, 869). Thus, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304.
Moreover, although McManus stated that a notice of default pursuant to the terms of the mortgage agreement was mailed to the defendant, the plaintiff submitted no evidence as to when this notice was mailed. Thus, the plaintiff failed to demonstrate, prima facie, that notice was mailed to the defendant at least 30 days prior to the commencement of the action in accordance with paragraph 22 of the consolidated mortgage agreement.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court