Wells Fargo Bank, N.A. v Sakizada (2025 NY Slip Op 04688)

Wells Fargo Bank, N.A. v Sakizada

2025 NY Slip Op 04688

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-01857 
2021-01858
 (Index No. 20241/12)

[*1]Wells Fargo Bank, N.A., respondent,
v
Yaacov Sakizada, appellant, et al., defendants.

Joseph A. Altman, P.C., Fleetwood, NY, for appellant.
LOGS Legal Group LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yaacov Sakizada appeals from (1) a decision of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 22, 2020, and (2) an order of the same court, also entered May 22, 2020. The order, insofar as appealed from, upon the decision, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Yaacov Sakizada, to strike his answer, and for the appointment of a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Yaacov Sakizada, to strike his answer, and for the appointment of a referee to compute the amount due to the plaintiff is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Yaacov Sakizada.
The plaintiff, Wells Fargo Bank, N.A., commenced this action to foreclose a consolidated mortgage given by the defendant Yaacov Sakizada (hereinafter the defendant) to secure a consolidated note in the amount of $536,250. The defendant answered the complaint and, inter alia, asserted the affirmative defense of failure to provide notice of default. On a prior appeal, this Court modified an order of the Supreme Court dated September 10, 2015, so as to deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for the appointment of a referee to ascertain and compute the amount due (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789). Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for the appointment of a referee to compute the amount due to the plaintiff. The defendant opposed the motion. The Supreme Court issued a decision finding that the plaintiff established, prima facie, that it complied with paragraph 22 of the consolidated mortgage agreement, which required service of a specified default notice as a condition precedent to acceleration of the loan, and with the notice provisions of RPAPL 1304. The court also found that, in opposition, the defendant failed to raise a triable issue of fact. In an order entered May 22, 2020, [*2]the court, upon the decision, among other things, granted the plaintiff's motion. The defendant appeals.
Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the plaintiff's successive motion for summary judgment (see U.S. Bank N.A. v Haber, 230 AD3d 530; HSBC Bank USA, N.A. v Fortini, 189 AD3d 1373; cf. U.S. Bank N.A. v Kelly, 223 AD3d 932). Moreover, the court properly considered the evidence submitted in the plaintiff's reply papers, as the documents were responsive to the defendant's argument that the affidavit of Sherri W. McManus, who was the vice president of loan documentation for the plaintiff, was defective because she had no first-hand knowledge of the record-keeping practices and/or mailing practices of America's Servicing Company (hereinafter ASC), on whose letterhead the statutory and contractual notices were printed. The documents submitted in reply explained and clarified that ASC is a business name under which the plaintiff sometimes operates as part of several merger agreements and corporate resolutions (see US Bank N.A. v Primiano, 191 AD3d 926; Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600; OneWest Bank, FSB v Simpson, 148 AD3d 920).
However, contrary to the Supreme Court's finding, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304 and that a notice of default in accordance with paragraph 22 of the consolidated mortgage agreement was properly transmitted to the defendant prior to the commencement of this action (see U.S. Bank N.A. v Nahum, 232 AD3d 715, 717; U.S. Bank, N.A. v Maiorino, 219 AD3d 538; U.S. Bank Trust, N.A. v Smith, 217 AD3d 899; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718). Since the plaintiff failed to meet its prima facie burden, its motion should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1293; Wells Fargo Bank, N.A. v Sakizada, 168 AD3d at 791).
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court