Wells Fargo Bank, N.A. v Cato (2025 NY Slip Op 06215)

Wells Fargo Bank, N.A. v Cato

2025 NY Slip Op 06215

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-04016
 (Index No. 6136/13)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Carmel Cato, et al., respondents, et al., defendants.

LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated August 4, 2020. The order, after a nonjury trial, directed dismissal of the complaint insofar as asserted against the defendants Carmel Cato and Karen Sam Cato and the cancellation of the notice of pendency filed against the subject property.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Carmel Cato and Karen Sam Cato.
On June 1, 2006, the defendants Carmel Cato and Karen Sam Cato (hereinafter together the defendants) executed a note in the sum of $333,200 in favor of New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in Brooklyn.
In April 2013, the plaintiff, New Century's successor in interest, commenced the instant action against, among others, the defendants to foreclose the mortgage. In the defendants' answer, they alleged in their fourth affirmative defense that "[t]his action is barred because plaintiff failed to serve the notice on defendants that is required by RPAPL Section 1304."
In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In an order dated October 16, 2015, the Supreme Court denied the plaintiff's motion, determining that the plaintiff failed to establish its compliance with RPAPL 1304.
At a subsequent nonjury trial, the plaintiff presented the testimony of Demetris Dansby, a litigation case manager for Carrington Mortgage Services, LLC (hereinafter Carrington), the plaintiff's loan servicer. Regarding Carrington's standard office procedure for mailing RPAPL [*2]1304 notices, Dansby testified that "the receipt that's actually associated with the bar code that's going out with the mail, the receipt is actually imaged into the imaging system along with the letter to show that that particular receipt was associated with that mailing that went out." However, Dansby acknowledged that a bar code was not present on the RPAPL 1304 notices purportedly mailed to the defendants and that he did not know if a certified mail receipt proffered by the plaintiff was actually connected to the RPAPL 1304 notices. Dansby further testified that a return receipt should have been requested for the certified mailing of the RPAPL 1304 notices, but that Carrington had no record of such a receipt for the RPAPL 1304 notices purportedly mailed to the defendants.
In an order dated August 4, 2020, the Supreme Court directed dismissal of the complaint and the cancellation of the notice of pendency filed against the property based upon the plaintiff's failure to establish that the RPAPL 1304 notices were actually mailed to the defendants in accordance with the statute. The plaintiff appeals.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855; see Citimortgage, Inc. v Leitman, 201 AD3d 864, 865).
RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d 883, 884). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). "The plaintiff can establish strict compliance with RPAPL 1304 by submitting proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Deutsche Bank Natl. Trust Co. v Guevara, 227 AD3d 951, 953; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, although Dansby's testimony established proof of a standard office procedure designed to ensure that items are properly addressed and mailed, Dansby's testimony reflected that this procedure was not followed with respect to the purported mailing of the RPAPL 1304 notices to the defendants. Dansby admitted that the bar code used by Carrington to verify that the certified mailing was mailed was not present on the RPAPL 1304 notices purportedly sent to the defendants, that he did not know if the certified mail receipt proffered by the plaintiff was actually connected to the RPAPL 1304 notices, and that there was no record of a return receipt having been requested for the certified mailing. Thus, the Supreme Court's determination that the plaintiff failed to establish its compliance with RPAPL 1304 was warranted by the evidence elicited at trial (see U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1554-1555; cf. Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773, 776).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly directed dismissal of the complaint insofar as asserted against the defendants and the cancellation of the notice of pendency filed against the property.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court