**Wilmington Sav. Fund Socy., FSB v Schwartz**

2025 NY Slip Op 35182(U)

December 29, 2025

Supreme Court, Kings County

Docket Number: Index No. 512461/2020

Judge: Menachem M. Mirocznik

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

FILED: KINGS COUNTY CLERK 01/06/2026 11:51 AM INDEX NO. 512461/2020

NYSCEF DOC. NO. 196 RECEIVED NYSCEF: 01/06/2026

At IAS Part FRP5 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn, NY 11201, on the 29th of December 2025

**PRESENT:** HON. MENACHEM M. MIROCZNIK
JUSTICE OF THE SUPREME COURT

---

WILMINGTON SAVINGS FUND SOCIETY, FSB AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D,

Plaintiff,

-against-

YITZCHOK SCHWARTZ, AS ADMINISTRATOR, HEIR AT LAW AND DISTRIBUTEE OF THE ESTATE OF GITEL SCHWARTZ; MARTIN SCHWARTZ, AS HEIR AT LAW AND DISTRIBUTEE OF THE ESTATE OF GITEL SCHWARTZ; LEA EIZIKOVITS, AS HEIR AT LAW AND DISTRIBUTEE OF THE ESTATE OF GITEL SCHWARTZ; MICHAEL SCHWARTZ, AS HEIR AT LAW AND DISTRIBUTEE OF THE ESTATE OF GITEL SCHWARTZ; BELLA TEITELBAUM, AS HEIR AT LAW AND DISTRIBUTEE OF THE ESTATE OF GITEL SCHWARTZ; BANK OF AMERICA, N.A.; UNITED STATES OF AMERICA (EASTERN DISTRICT); NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; JPMORGAN CHASE BANK, N.A.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; BOARD OF MANAGERS OF GAN EZRA CONDOMINIUM,

Defendants.

**Index No. 512461/2020**

**Decision and Order**
**(Motion Seq. 7)**

| Papers | Numbered |
|---|---|
| Notice of Motion | NYSCEF Doc. 175-192 |
| Opposition Papers | NYSCEF Doc. 194 |
| Reply Papers | NYSCEF Doc. 195 |

Upon the foregoing papers, the motion is determined in accordance with this Decision and Order as follows:

[* 1]

## Procedural History

This action was commenced on July 15, 2020, seeking to foreclose a mortgage ("mortgage") executed by decedent Gitel Schwartz ("decedent") encumbering the property known as 5120 19th Avenue, Unit 2A Brooklyn, New York 11204 ("property").

On August 18, 2020, defendants Yitzchok Schwartz, as Administrator, heir and distribute of the estate of decedent; Martin Schwartz, Lea Eizikowits, Michael Schwartz and Bella Teitelbaum, as heirs and distributees of the estate of decedent joined issue with the filing of an answer which asserting various affirmative defenses including lack of standing and non-compliance with the notice provisions of the mortgage.

On February 5, 2024, the Court granted plaintiff's motion for summary judgment, denied defendants' cross-motion and issued an order of reference. The Court rejected defendants challenge to plaintiff's standing and found that defendants lack standing to assert non-compliance with the terms of the mortgage as a defense.

Defendants timely appealed. The appeal was perfected under Appellate Division Docket No. 2024-07876 and was fully briefed as of April 16, 2025.

On March 19, 2025, the Court granted plaintiff's motion to confirm the referees report and for judgment of foreclosure and sale and denied defendants' cross-motion for stay pending appeal due to defendants failure to appear on the return date.

Defendants timely appealed from judgment of foreclosure and sale. The appeal was perfected under Appellate Division Docket No. 2025-05173, was perfected on June 6, 2025, and was fully briefed as of August 8, 2025.

On June 11, 2025, the Court granted defendants motion to stay proceedings pending determination of defendants' appeals. The Court noted that both appeals were perfected.

Plaintiff now moves for rearguement of order dated June 11, 2025. Plaintiff contends that reargument is warranted because the Court overlooked and misapprehended the facts and law when it stayed enforcement of the judgment of foreclosure and sale, by incorrectly finding that defendants' appeals were perfected at the time the interim stay was granted. Plaintiff further contends that defendants' appeals lack merit because Plaintiff established standing and mailing of the contractual notice of default and defendants as non-borrower heirs and estate representatives, lack standing to assert personal defenses such as alleged noncompliance with the mortgage. Lastly, plaintiff argues the appeal from the judgment of foreclosure is defective because they defaulted on the return date and defendants failed to post an undertaking as required by CPLR 5519[a][6].

In opposition, defendants argue that Plaintiff's motion is an improper attempt to relitigate issues already decided and should be denied because the Court did not overlook or misapprehend any facts or law in granting the stay because the appeals were in fact perfected and need not have been perfected as a condition precedent to a discretionary stay. Defendants further maintain that they have a meritorious appeal because Plaintiff failed to serve a 30-day notice of default which may be asserted by a decedent's estate.

In reply, Plaintiff reiterates that the Court's stay order was expressly predicated on the erroneous factual finding that Defendants' appeals were perfected. Plaintiff further argues that defendants failed to show a likelihood of success on appeal because, as non-borrowers and strangers to the loan documents, they lack standing to assert defenses based on alleged noncompliance with the mortgage and that the record establishes Plaintiff mailed the notice of default and that defendants never contested the merits of the Referee's report or the amount due, rendering their appeal of the Judgment is insufficient to justify a stay.

## Discussion

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" *Carrillo v PM Realty Group*, 16 AD3d 611, 611 [2d Dept 2005]; See also *HSBC Bank USA, N.A. v Halls*, 98 AD3d 718 [2d Dept 2012] [1]

"While the determination to grant leave to reargue lies within the sound discretion of the court...a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" *Emigrant Bank v Kaufman*, 223 AD3d 650, 651-52 [2d Dept 2024][internal citations and quotation marks omitted]

Here, the Court did not overlook or misapprehend the facts or law in rendering its previous determination. Therefore, plaintiff's motion is denied in its entirety.

First, at the time the Court issued the June 11, 2025 *order*, both appeals, including the appeal from the judgment, were perfected. The fact that the appeal from the judgment was not perfected at the time the *motion* was made is of no moment. Nor is the perfection of the appeal a condition precedent to the issuance of a stay.

Second, the order granted a discretionary stay pursuant to CPLR 5519[c] not CPLR 5519[a][6]. Unlike CPLR 5519[a][6], an undertaking is not a condition precedent to relief under CPLR 5519[c].

Third, defendants are correct that the administrator, as the representative of the decedent's estate, stands in the shoes of the decedent and may assert defenses the decedent would have been entitled to assert. Plaintiff's citation to *U.S. Bank National Association v. Carrington*, 179 A.D.3d 742 [2d Dept 2020] and *Bank of New York Mellon Trust Company, N.A. v. Obadia*, 176 A.D.3d 1020 [2d Dept. 2019] are inapposite.

In *Carrington* the Appellate Division held the appellant corporation which was the subsequent fee owner of the property could not assert defenses personal to the borrower. The corporation was a stranger to the mortgage and could not raise non-compliance with RPAPL 1304 which is a defense personal to the "borrower" as defined in RPAPL 1304. Moreover, Carrington

---

[1]The instant motion was referred to this Court after the Hon. Carolyn Mazzu Genovesi transferred to the Supreme Court Nassau County. For purposes of CPLR 2221[a] the underlying issue of forum shopping is thus not present herein.

[* 3]

did not involve a representative of the estate of the deceased borrower who was not made a party to the action.

The Court in *Obadia* held similar, that the appellant LLC which was a subsequent fee owner of the property could not assert defenses personal to the borrower. There, the LLC was a stranger to the mortgage at issue and could not raise defenses personal to the "borrower". Moreover, Obadia did not involve a representative of the estate of the deceased borrower and there the borrower settled with the plaintiff and the appeal was dismissed as to the borrower.

Here, as opposed to *Carrington* and *Obadia,* defendant is the representative of the estate of the borrower and is not seeking to raise RPAPL 1304 as a defense. The Court notes that EPTL 11-3.1 and EPTL 11-1.1[13], provides that a representative of an estate may assert rights of the decedent. See e.g. *Wells Fargo Bank, N.A. v Palaigos,* 235 AD3d 1027 [2d Dept 2025] *Deutsche Bank Natl. Tr. Co. v LoPresti,* 203 AD3d 883 [2d Dept 2022]; *U.S. Bank N.A. v Pickering-Robinson,* 197 AD3d 757 [2d Dept 2021]; *Tuthill Fin. v Candlin,* 129 AD3d 1375 [3d Dept 2015]

Accordingly, it is hereby

**ORDERED**, that plaintiff's motion to reargue is DENIED

This constitutes the Decision and Order of the Court.

ENTER:

_____

Hon. Menachem M. Mirocznik, JSC

FILED
JAN 06 2026
KINGS COUNTY CLERK'S OFFICE

[* 4]